IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN THOMAS,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN DAVID ORTIZ,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-5875 (JBS)<br><br>**OPINION** |

APPEARANCES:

Shawn Thomas, Petitioner pro se
1028 Burnside Road
Sharon Hill, PA 19079

Craig Carpenito, United States Attorney
Mark E. Coyne, Chief, Appeals Division
970 Broad Street, Suite 700
Newark, NJ 07102-2535
    Attorneys for Respondent David Ortiz

K.T. Newton, AUSA
United States Attorney's Office
for the Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Of Counsel

**SIMANDLE, U.S. District Judge:**

I. **INTRODUCTION**

    Petitioner Shawn Thomas, a/k/a/ Malik Brown, a convicted

and sentenced federal prisoner previously confined at FCI Fort

Dix, New Jersey,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting that he is actually innocent of his conviction for the use of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). [Docket Entry 3]. He bases his argument on the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). As relief, Petitioner requests that his § 924(c) conviction be vacated. Respondent David Ortiz opposes the petition. [Docket Entry 8].

The principal issues to be decided are: (1) whether the Court has jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to the validity of his conviction; and (2) if so, whether the Supreme Court's *Rosemond* decision requires this Court to vacate Petitioner's conviction under § 924(c) because the Government failed to prove at trial that he had advance knowledge that a firearm would be used in connection with his drug trafficking offense.

The Court concludes that Petitioner is unable to invoke the savings clause of 28 U.S.C. § 2255(e), but even if he could, the *Rosemond* foreseeability standard does not impact his § 924(c)

---

[1] A letter from the United States Attorney's Office indicates Petitioner was released from custody on June 25, 2018. [Docket Entry 10]. Because the petition is a challenge to the validity of Petitioner's conviction under 18 U.S.C. § 924(c), the Court concludes it is not moot based on the collateral consequences of the conviction. *See Sibron v. New York*, 392 U.S. 40, 55 (1968).

conviction because he was not convicted under an aiding and abetting theory of guilt but rather as the principal who possessed the firearm in furtherance of the drug distribution crime. Therefore, the Court will deny the petition for the reasons stated below.

## II. BACKGROUND

In January 2010, an Eastern District of Pennsylvania grand jury issued a superseding indictment charging Petitioner with: conspiracy to distribute and possess with intent to distribute cocaine base, 21 U.S.C. § 846 (Count One); distribution of five grams or more of cocaine base (Count Two), 21 U.S.C. § 841(a)(1) and (b)(1)(B); distribution of five grams or more of cocaine base within 1,000 feet of a school, 21 U.S.C. § 860(a) (Count Three); distribution of 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts Four & Five); possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Six); possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c) (Count Seven); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Eight). [Docket Entry 8 at 20-29; *see also United States v. Shawn Thomas*, No. 08-cr-558 (E.D. Pa. Mar. 25, 2011)]. The superseding indictment specifically alleged as part of the manner and means that "[o]n occasion, when defendant SHAWN

THOMAS sold crack cocaine to a customer, he carried and possessed a firearm." [Docket Entry 8 at 21]. The jury convicted Petitioner on all counts after a bifurcated trial separating the felon in possession charge, Count Eight, from the rest of charges. [*Id.* at 3].

Petitioner filed a motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, and alternatively for a new trial under Rule 33, on May 17, 2010. [Motion for Judgment of Acquittal, *Thomas*, No. 08-cr-558 (May 17, 2010) Docket Entry 92]. He argued that the United States had failed to prove that he had possessed a firearm. [Docket Entry 8 at 31]. The Honorable Gene E.K. Pratter, U.S.D.J., denied the motion on December 22, 2010. [Docket Entry 8 at 31-36]. *See also United States v. Thomas*, No. 08-558, 2010 WL 5256862 (E.D. Pa. Dec. 23, 2010). Petitioner was sentenced to a 180-month term with a mandatory 60-month consecutive term for the § 924(c) charge. [Docket Entry 8 at 5]. The sentencing court also imposed a five-year supervised release term. [*Id.*]. Petitioner challenged his § 924(c) conviction again on direct appeal in the United States Court of Appeals for the Third Circuit. *United States v. Thomas*, 456 F. App'x 85 (3d Cir. 2011). The circuit court affirmed Petitioner's conviction but remanded for resentencing under the Fair Sentencing Act of 2010. *Id.* at 88.

Petitioner filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255 in the Eastern District of Pennsylvania on February 19, 2013. [Docket Entry 8 at 17; First Motion to Vacate/Set Aside/Correct Sentence, *Thomas*, No. 08-cr-558 (Feb. 19, 2013) Docket Entry 142]. The § 2255 motion also challenged his conviction under § 924(c). [Docket Entry 8 at 6]. Judge Pratter denied the § 2255 motion. [Order Denying First Motion to Vacate/Set Aside/Correct Sentence, *Thomas*, No. 08-cr-558 (May 14, 2013) Docket Entry 150]. The Third Circuit denied a certificate of appealability, stating "Appellant previously, and unsuccessfully, argued that there was insufficient evidence to support his conviction of possession of a firearm in furtherance of a drug crime in violation of 18 U.S.C. § 924(c), and is not entitled to relitigate this matter." *United States v. Thomas*, No. 13-2674 (3d Cir. Sept. 26, 2013).[2]

After the Supreme Court issued its decision in *Rosemond* on March 5, 2014, Petitioner filed an application for permission to file a second or successive § 2255 motion. *In re: Shawn Thomas*, No. 16-1783 (3d Cir. filed Apr. 4, 2016); [Docket Entry 3 ¶ 10(b)]. The Third Circuit concluded that the Supreme Court had not made *Rosemond* retroactive to cases on collateral review and

---

[2] The Court takes judicial notice of this public record.

denied permission under 28 U.S.C. §§ 2244(b) & 2255(h). Order, *In re: Shawn Thomas*, No. 16-1783 (3d Cir. Apr. 20, 2016).

Petitioner subsequently filed this habeas corpus petition under 28 U.S.C. § 2241 on September 23, 2016.[3] [Docket Entry 1]. The Court administratively terminated it as Petitioner had not used the proper form. [Docket Entry 2]. The Court reopened the case after Petitioner submitted an amended petition on the appropriate form. [Docket Entry 3]. The Court ordered Respondent to answer. [Docket Entry 4]. Warden Ortiz submitted his answer, [Docket Entry 8], and Petitioner submitted his traverse. [Docket Entry 9].

The matter is ripe for disposition without oral argument. Fed. R. Civ. P. 78(b).

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v.*

---

[3] To the extent this petition is properly filed under § 2241, as discussed *infra*, it is properly filed in this District as Petitioner was confined in FCI Fort Dix, New Jersey at the time of filing. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004)(noting that § 2241 petitions must be filed in the district of confinement).

6

*Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). "This exception is narrow and applies in only rare circumstances." *Lewis v. Warden Lewisburg USP*, 741 F. App'x 54, 55 (3d Cir. 2018) (citing *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017)).

## IV. ANALYSIS

Petitioner invokes the savings clause to challenge his § 924(c) conviction, arguing he is actually innocent of the offense after the Supreme Court's *Rosemond* decision. In *Rosemond*, the Supreme Court held that a defendant must have "advance knowledge" of a firearm's involvement in a crime before he may be convicted of aiding and abetting a § 924(c) violation.[4] "When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense." 572 U.S. 65, 78 (2014).

The Third Circuit has not addressed whether *Rosemond* claims may be filed as § 2241 petitions. *See Tawalebah v. Warden Fort DIX FCI*, 614 F. App'x 46, 48 (3d Cir. 2015) (per curiam) ("We have not yet addressed whether a claim based on *Rosemond* may be brought via a § 2241 petition pursuant to the exception we recognized in *Dorsainvil*, and we need not do so here because the

---

[4] The Court defined "advance knowledge" for purposes of § 924(c) as "knowledge at a time the accomplice can do something with it—most notably, opt to walk away." *Rosemond*, 572 U.S. at 78. It went on to note that "[o]f course, if a defendant continues to participate in a crime after a gun was displayed or used by a confederate, the jury can permissibly infer from his failure to object or withdraw that he had such knowledge." *Id.* at 78 n.9.

8

record does not support Tawalebah's claim of innocence."). *See also McCrea v. Ortiz*, No. 17-4501, 2018 WL 1634395, at *3 (D.N.J. Apr. 5, 2018) (citing cases). It is therefore unclear whether the Court has jurisdiction over the petition under § 2241, but this Court will assume such jurisdiction.

Presently in the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Id.*

This petition under § 2241 fails because Petitioner raised his *Rosemond* claim before in an application to the Third Circuit requesting permission to file a second or successive § 2255

motion and was denied permission because the Third Circuit concluded that the Supreme Court had not made *Rosemond* retroactive to cases on collateral review. *See In re: Shawn Thomas*, No. 16-1783 (3d Cir. filed Apr. 4, 2016). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) (citing *Dorsainvil*, 119 F.3d at 251).

However, again assuming the Court does have jurisdiction under § 2241, Petitioner's claim fails. Petitioner's claim fails because the record shows he was not convicted under an aiding and abetting standard at trial; rather, he was convicted as a principal. There is no lingering question about his foreseeing possession of this firearm when he is the one who possessed it, as a matter of routine and necessity, as he dealt drugs. The trial court instructed the jury:

> In order to find Mr. Thomas guilty of count seven, you must find that the Government proved each of the following two elements beyond a reasonable doubt:
>
> First, that Mr. Thomas committed the crime of conspiracy to distribute and posses with intent to distribute and/or possession with intent to distribute and, second, that he knowingly possessed a firearm in furtherance of the drug trafficking crime or crimes.
>
> . . . .

> To establish the second element of this particular offense, the Government has to prove that Mr. Thomas possessed the firearm in question. To possess means to have something within your control. The Government does not have to prove that Mr. Thomas physically held the firearm; that is, that he had actual possession of it. As long as the firearm was within his control, he possessed it. If you find that Mr. Thomas either had actual possession of the firearm or had the power and intention to exercise control over it, even though it was not in his physical possession, that is if he had the ability to take actual possession of it when he wanted to do so, then you may find that the Government has proven possession.
>
> . . . .
>
> Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing or achieving a goal or an objective of possession with intent to distribute a controlled substance.
>
> Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime.

[Docket Entry 8 at 75-77, 111:5-17, 111:22 to 112:9, 113:10-16]. Even though the indictment charged Petitioner with aiding and abetting the § 924(c) offense, the jury was not given an instruction on an aiding and abetting theory of liability. "The government may seek a conviction for a substantive criminal offense by introducing evidence that a defendant directly committed the offense or by proceeding on a theory of vicarious liability . . . ." *United States v. Whitted*, 734 F. App'x 90, 93 (3d Cir. 2018). "It is immaterial that [defendant] was charged in the superseding indictment with violating § 924(c) under an

aiding and abetting, but not [direct liability], theory." *Id.* at 95 n.4. "[T]he function of a federal indictment is to state concisely the essential facts constituting the offense, not how the government plans to go about proving them." *United States v. Edmond*, 924 F.2d 261, 269 (D.C. Cir. 1991). The Government was permitted to pursue an alternative (and more demanding) theory of guilt as a principal so long as it was supported by the evidence. As for the instructions, "there cannot be a *Rosemond* instructional error because there was never an aiding and abetting instruction given." *Whitted*, 734 F. App'x at 93–94.

As recounted by Judge Pratter in her thorough opinion denying Petitioner's post-verdict motion, the evidence presented at trial was sufficient to convict Petitioner of the § 924(c) charge:

> Among other charges and in addition to the § 924(c) charge, Mr. Thomas was charged with three counts of distribution of "crack" cocaine to Philadelphia undercover Officer Richard Gramlich between May 21 and June 17, 2008. In addition to Officer Gramlich's own testimony about his discussions with Mr. Thomas, the jury also heard the actual recorded conversations between the two of them. Specifically, Officer Gramlich told the jury that, having purchased "crack" cocaine from Mr. Thomas, he and Mr. Thomas also discussed the possible purchase of a firearm from Mr. Thomas. On another occasion, indeed in connection with Officer Gramlich's May 21, 2008 "crack" cocaine purchase from Mr. Thomas outside of Smegy's Bar, in response to Officer Gramlich's expression of some concern about an individual in the environs, the jury heard a recording of Mr. Thomas assuring Officer Gramlich that it was "cool" given that he [Mr. Thomas] had "a hammer in the

> car."[5] According to Officer Gramlich, and as confirmed
> by recordings of their conversations played for the
> jury, there were a number of occasions when the two men
> discussed drugs and guns. For example, on May 29, 2008
> Mr. Thomas told Officer Gramlich that he had a ".38 snub
> nose" that he "rode with" and "needed", and that this
> was something that "you gotta have" when "you making
> money and a house." According to Officer Gramlich, this
> exchange meant that Mr. Thomas was saying he had a. 38
> caliber snub nose revolver that he as a drug dealer
> needed to have.
>
> . . . .
>
> The jury then heard from Officer Gramlich and other law
> enforcement personnel about the execution of a search
> warrant at the 7506 Algon Avenue apartment on June 17,
> 2008, during which a Smith & Wesson .38 caliber snub
> nose revolver, drug paraphernalia and cocaine base were
> recovered. Specifically, the gun was found on top of a
> kitchen cabinet where [Mr. Thomas's girlfriend, Audrena
> McDaniels] told the officers Mr. Thomas had put it a
> week earlier. A digital scale (commonly used in
> connection with "crack" packaging preparations for
> subsequent distribution) was recovered from the drawer
> below the place where the revolver was located. Two
> bundles of crack were seized from a child's bag in the
> bedroom closet in the apartment.

*Thomas*, No. 08-558, 2010 WL 5256862, at *1 (first alteration in original). The trial court found that the jury reasonably determined that Petitioner "touted his possession of a 'hammer' as 'needed' in his activities, something his girlfriend Ms. McDaniels reiterated . . . and . . . that Mr. Thomas placed his revolver, drugs and related paraphernalia in the apartment where

---

[5] "Officer Gramlich testified that he understood a 'hammer' to be a gun." *United States v. Thomas*, No. 08-558, 2010 WL 5256862, at *1 (E.D. Pa. Dec. 23, 2010), *aff'd*, 456 F. App'x 85 (3d Cir. 2011)).

he prepared the drug packages for subsequent transactions." *Id.* at *3. As the Third Circuit noted, "the jury readily could have inferred from the evidence to which the Court referred in its December 22, 2010 opinion that Thomas possessed the weapon involved in this case and that he did so in furtherance of his drug trafficking offenses." *Thomas*, 456 F. App'x at 87.

Because Petitioner had prior opportunities to raise his *Rosemond* claim and because he was not convicted under an aiding and abetting standard but as a principal possessing a firearm in furtherance of his drug distribution activity, the Court denies the habeas petition.

## V. CONCLUSION

For the reasons stated above, the petition is denied. An accompanying Order will be entered.


**March 21, 2019**         **s/ Jerome B. Simandle**
Date        JEROME B. SIMANDLE
       U.S. District Judge